IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3034 |
| vs. | |
| RICHARD GARZA, | MEMORANDUM AND ORDER |
| Defendant. | |

The defendant, Richard Garza, is set to be tried in front of this Court on one count of conspiracy to distribute, or possess with the intent to distribute, controlled substances, and two counts of witness tampering. Filing 76. The government seeks to introduce evidence that the defendant "attempted to curry favor with a drug source by providing his niece. . . to the source, because the source was interested in a sexual relationship with her." Filing 106 at 1. The government has also filed a notice of intent to introduce evidence of two of the defendant's prior convictions. Filing 108. The Court heard argument in open court on Friday, October 6, 2023. The government's evidence will be admitted.

Under Fed. R. Evid. 404(b), evidence of a defendant's prior bad acts or wrongful conduct is not admissible to prove a defendant's propensity for criminal behavior. Such evidence may be admissible, however, for a purpose other than propensity, such as proving the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2); *United States v. Gant*, 721 F.3d 505, 509 (8th Cir. 2013). To be admissible under 404(b), evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value

than prejudicial effect. *U.S. v. Williams*, 796 F.3d 951, 959 (8th Cir. 2015) (quoting *U.S. v. Robinson,* 639 F.3d 489, 494 (8th Cir. 2011)).

But the limitations outlined in Rule 404(b) only apply to wrongful-act evidence that is *extrinsic* to the charged offense; the rule does not prevent admission of wrongful conduct that is *intrinsic* to the charged offense. *United States v. Brooks*, 715 F.3d 1069, 1076 (8th Cir. 2013). Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred, i.e., the wrongful conduct completes the story, provides a total picture of the charged crime, or is inextricably intertwined with the charged crime. *Id*.; *Buchanan v. United States,* 714 F.3d 1046, 1047-48 (8th Cir. 2013).

*All* evidence, admissible under 404(b) or otherwise, "must still pass the 'substantially outweighed' test of Rule 403." *See United States v. Adams*, 783 F.3d 1145, 1149 (8th Cir. 2015); *Brooks*, 715 F.3d at 1077. In other words, evidence otherwise admissible should still be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. Anderson,* 783 F.3d 727, 745 (8th Cir. 2015). Unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. *United States v. Iron Hawk,* 612 F.3d 1031, 1040 (8th Cir. 2010).

*Uncharged Wrongful Conduct*

The government anticipates at least one of its witnesses will testify that the defendant "offered" his niece to a drug source who was sexually interested in her, as a means to continue carrying out the conspiracy charged in the

2

indictment. Filing 107 at 1. The defendant objects to evidence of this conduct as unfairly prejudicial under Rule 403.

This evidence is not governed by Rule 404. The alleged conduct is inextricably intertwined with the charged crime. In fact, it's *part* of the charged crime. But even intrinsic evidence is subject to Rule 403. *Brooks,* 715 F.3d at 1077. And evidence like this may influence a jury to convict the defendant for conduct not charged in the indictment. *See Iron Hawk,* 612 F.3d at 1040. To mitigate the risk of unfair prejudice, the Court intends to admit this evidence, subject to a limiting instruction that the defendant is only on trial for the crimes charged, and not any other wrongful conduct alleged by the witnesses. *See, e.g., Williams,* 796 F.3d at 951.

### *Prior Convictions*

The government also intends to admit substantive evidence of the defendant's prior convictions for possession and conspiracy to distribute methamphetamine under Rule 404(b). Filing 108. These include a 1999 conviction in state court for possession of a controlled substance with intent to distribute, for which the defendant was incarcerated until June 2003. Filing 109 at 2. The other conviction occurred in 2004, for conspiracy to distribute and possess with the intent to distribute 500 grams or more of methamphetamine. The defendant was incarcerated until June 2014. Filing 109.

The defendant objects to the admission of these convictions because by pleading not guilty, he did not put his knowledge and intent at issue, and because the probative value of the convictions is outweighed by the danger of unfair prejudice. The convictions will be admissible if they are relevant to a material issue, similar in kind and not too remote in time, supported by

3

sufficient evidence, and higher in probative value than prejudicial effect. *Williams*, 796 F.3d at 959.

The evidence is relevant to the defendant's knowledge and intent to commit the crime of conspiracy charged. Despite the defendant's arguments to the contrary, the Eighth Circuit has held that a defendant puts "his knowledge and intent at issue by pleading not guilty and requiring the government to prove his guilt beyond a reasonable doubt." *U.S. v. Hill*, 638 F.3d 589, 592 (8th Cir. 2011) (quoting *U.S. v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006)). So, the convictions are evidence of a material issue: whether the defendant had the knowledge and intent to commit the crime charged.

As to the second element, evidence is similar in kind if "the prior acts are 'sufficiently similar to support an inference of criminal intent.'" *Williams*, 796 F.3d at 959 (citing *Walker,* 470 F.3d at 1275). A "prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs." *U.S. v. Jefferson,* 725 F.3d 829, 836 (8th Cir. 2013) (quoting *Robinson,* 639 F.3d at 494). So, the conviction for the same offense, conspiracy, is plainly similar, as is the conviction for possession with the intent to distribute.

The primary issue with this evidence is that the convictions occurred 23 years and 19 years before the defendant was indicted for these crimes. Courts employ a "reasonableness standard" for determining if a crime is too remote in time to be admissible, specific to the facts of each case. *Williams*, 796 F.3d at 951. In *Williams,* the Eighth Circuit affirmed a district court's admission of two convictions which were 11 and 18 years old because the convictions were relevant to knowledge and intent, were similar in kind, and because the

4

defendant "was incarcerated for such a significant amount of time—approximately 12 of the 18 years" since his conviction. *Id.*

The defendant's situation here is analogous to *Williams*. The prior convictions are relevant to knowledge and intent, are similar in kind, and the defendant was incarcerated for approximately 15 of the 23 years since the earlier conviction. *See* filing 109 at 2. So, the total number of years separating the prior offenses and the conduct charged here, as in *Williams*, does not "significantly diminish the probativeness of the evidence." *Id.* (quoting *Walker*, 470 F.3d at 1275).

A limiting instruction will mitigate the risk of unfair prejudice, such as instructing that the jury may consider the previous convictions to help "decide intent, knowledge, or absence of mistake, but while the defendant may have committed similar acts in the past, this is not evidence that he committed such an act in this case." *See id.* The government will be able to introduce the evidence of the convictions for the limited purposes outlined here.

To summarize: the government's evidence will be admitted, subject to a limiting instruction to be given by the Court at the appropriate time.

IT IS ORDERED that the government's motion in limine (filing 106) is granted.

Dated this 6th day of October, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge