IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>RICHARD GARZA,<br><br>   Defendant. | 4:22-CR-3034<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 177) and moved for a downward variance (filing 176).

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to several paragraphs of the presentence report. Filing 177. As an overview, however, the Court notes that many of the defendant's objections are premised on his continued assertions of innocence with respect to all the charges against him—including the offense of conviction. *See* filing 177.

    The Court understands the defendant's desire to maintain his innocence. But to the extent the defendant is asking the Court to make findings at sentencing that contradict the jury's, it can't do so: A sentencing court errs as a matter of law if it imposes a sentence based on a finding that contradicts the jury's verdict. *United States v. Bertling*, 611 F.3d 477, 481-82 (8th Cir. 2010) (citing *United States v. Campos*, 362 F.3d 1013, 1015 (8th Cir. 2004)). It's improper for the Court to rely on facts directly inconsistent with those found by the jury beyond a reasonable doubt. *United States v. Renner*, 648 F.3d 680, 689 (8th Cir. 2011). As a general

matter, then, for purposes of sentencing, the factual findings necessary to the jury's verdict are sacrosanct.

More specifically, the defendant begins by objecting to ¶¶25-31 of the presence report, which contain the prosecutor's version of the offense. Filing 177 at 1-2. It has always been this Court's practice, however, to let the government—and the defendant—state their respective versions of the offense for the record, without the Court's interference. The Court will, therefore, overrule the defendant's objections to the prosecution's version of the offense—while recognizing that they represent the position of counsel, not facts upon which the Court can rely without evidence.

Next, the defendant objects to ¶¶40 and 47 of the presentence report, asserting that the evidence is insufficient to convict him of Count II (the offense of conviction) and that he didn't obstruct justice. Filing 177 at 2. His claim of insufficient evidence to convict him at all is foreclosed for the reasons explained above. The obstruction of justice enhancement is a bit more complicated.

The defendant was, of course, convicted of witness tampering in violation of 18 U.S.C. § 1512(b)(1) and (j). The guideline for a violation of that statute is U.S.S.G. § 2J1.2. *See* U.S.S.G. § App'x A. And when the defendant is convicted of an offense covered by § 2J1.2, the 2-level enhancement for obstruction of justice provided by U.S.S.G. § 3C1.1 doesn't apply—unless a *further* obstruction occurred during the investigation, prosecution, or sentencing of the obstruction offense itself. § 3C1.1 cmt. n.7.

Here, the presentence report assesses the two-level increase—but that can't be based on the offense conduct, witness tampering. Nor, in this Court at least, can it be based on the alleged conduct underlying Count III—while the Court recognizes that it *can* consider acquitted conduct at sentencing, *see United States v. Stroud,* 673 F.3d 854, 863 (8th Cir. 2012), it has never been this Court's practice to do so.

That leaves one real option: The defendant testified at trial, and committing perjury at trial constitutes an obstruction of justice within the meaning of § 3C1.1. *United States v. Garcia,* 61 F.4th 628, 631 (8th Cir. 2023). That requires the Court to conduct an independent evaluation and determine whether the defendant (1) testified falsely under oath, (2) about a material matter, (3) with a willful intent to deceive the fact-finder. *Id.* at 632. The Court will do so at sentencing, based on the trial record and any additional evidence proffered by the parties.

Most significantly, the defendant objects to the base offense level "[b]ased on the foregoing objections," and says it should be 14. Filing 177 at 2. But it's not clear how the "foregoing objections" get to a base offense level of 14.

The presentence report set the base offense level at 26, based on the cross-reference found in § 2J1.2(c)(1). That section provides that "[i]f the offense involved obstructing the investigation or prosecution of a criminal offense, apply §2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined [under § 2J1.2(a) or (b)]."

So, the presentence report looks to the guideline for the underlying drug trafficking offense that the defendant's witness tampering sought to impede the prosecution of: U.S.S.G. § 2D1.1. The presentence report estimated the drug quantity for that offense to be 6,000 kg converted drug weight, resulting in a base offense level of 32, which is reduced to 26 pursuant to § 2X3.1(a)(1) for an accessory after the fact.

The defendant's blanket objection to the base offense level "[b]ased on the foregoing objections," filing 177 at 2, doesn't really tell the Court what part of that calculation the defendant finds objectionable. If it's the fact of conviction—*i.e.*, the jury's findings that the defendant intended to corruptly persuade Katrina Coffman, intending to affect her testimony in a criminal trial—then as explained above, the Court is bound by the jury verdict. And the findings of fact necessary to that verdict get the Court as far as the cross-reference to § 2D1.1. *See* filing 134 at 15, *see also United States v. Salazar*, 542 F.3d 139, 148 (5th Cir. 2008) (conviction of witness tampering necessarily implied jury's finding of connection with trial of criminal case).

If the defendant is objecting to the drug weight, he hasn't explained the basis of that objection at all. It's the government's burden to prove drug quantity, *see United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012), but there's plenty of evidence in the trial record for the Court to make that determination. And again, the Court will do so at sentencing.[1]

---

[1] The Court notes that while the defendant was acquitted of Count III, the jury hung on Count I—the drug conspiracy. And the Eighth Circuit recently made clear that a sentencing court may rely on conduct associated with hung counts. *United States v. Taylor*, No. 23-2558, 2024

Finally, the defendant objects to a passing description of him as a "53-year-old" man, noting that he's actually 61. Filing 177 at 3. The Court assumes that's a typo, given that the defendant's date of birth is in the presentence report and also indicates that he's 61. The Court will sustain this objection.

The defendant also moves for a downward variance based on his personal circumstances and the circumstances of the offense, including the defendant's restated arguments about the strength of the evidence against him. Filing 176. With the understanding, again, that the Court cannot and will not contradict the jury's factual findings—the Court will resolve the defendant's motion for variance at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

---

WL 2106091, at *1 (8th Cir. May 10, 2024). While it's not this Court's practice to rely on *acquitted* conduct, the Court is not as hesitant to rely on hung conduct, if it was sufficiently proved in the Court's view. And in any event, the Court would not need to find that the defendant actually participated in the "Vaughn conspiracy" to assess the drug quantity involved in that conspiracy for purposes of applying §§ 2D1.1, 2X3.1, and 2J1.2—a defendant can interfere with the investigation or prosecution of an underlying offense without committing that offense in the first place, and determining the guidelines range by cross-reference to the guideline for the underlying offense is appropriate in those circumstances. *See United States v. Russell*, 234 F.3d 404, 409-10 (8th Cir. 2000); *United States v. Quam*, 367 F.3d 1006, 1009 (8th Cir. 2004); *United States v. Gallimore*, 491 F.3d 871, 875 (8th Cir. 2007); *see also United States v. Kimbrough*, 536 F.3d 463, 466-67 (5th Cir. 2008).

4.   If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.   Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.   Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 22nd day of May, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge