IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3034 |
| vs. | |
| RICHARD GARZA, | MEMORANDUM AND ORDER |
| Defendant. | |

The defendant, through his newly appointed counsel, has filed a renewed motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c)(2). Filing 180. Because that motion is untimely, *see* Rule 29(c)(1), the defendant has also moved to extend the time for filing his motion. Filing 179. The Court will grant the motion to extend, but will deny the motion for judgment of acquittal.

1. TIMELINESS

To begin with, despite the government's opposition, *see* filing 185, the Court *may* extend the time for the defendant's motion for judgment of acquittal and consider it on the merits. The government's argument to the contrary rests on the Supreme Court's decision in *Carlisle v. United States*, 517 U.S. 416 (1996). *See* filing 185. But *Carlisle* has been abrogated by the Federal Rules of Criminal Procedure.

(a) Authority to Extend Time for Filing

In 1996, when *Carlisle* was decided, Rule 29(c) provided that "[i]f the jury returns a verdict of guilty . . . a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period." Fed. R. Crim. P. 29(c)

(1996). And at the same time, Fed. R. Crim. P. 45(b) permitted a district court to extend a filing deadline if the request was made before the deadline expired, or after the deadline if the failure to act was because of excusable neglect, "but the court may not extend the time for taking any action under Rules 29, 33, 34, and 35, except to the extent and under the conditions stated in them." Fed. R. Crim. P. 45(b) (1996).

Those were the rules at issue in *Carlisle*, and given their plain text, the result was unsurprising:

> These Rules are plain and unambiguous. If, as in this case, a guilty verdict is returned, a motion for judgment of acquittal must be filed, either within seven days of the jury's discharge, or within an extended period fixed by the court during that 7-day period. There is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion for judgment of acquittal, regardless of whether the motion is accompanied by a claim of legal innocence, is filed before sentencing, or was filed late because of attorney error.

517 U.S. at 421.[1]

But that changed with the 2005 amendments to those rules, the intended effect of which was equally unambiguous: "Rule 29(c) has been amended to remove the requirement that the court must act within seven days after a guilty verdict or after the court discharges the jury, if it sets another time for

---

[1] The Supreme Court has made clear that this decision was rules-based, not jurisdictional. *Eberhart v. United States*, 546 U.S. 12, 18-19 (2005) (citing *Kontrick v. Ryan*, 540 U.S. 443, 454-55 (2004)).

filing a motion for a judgment of acquittal." Rule 29 advisory committee's note to 2005 amendment. So, the Advisory Committee deleted the language from Rule 29 requiring the court to act within 7 days.

> Read in conjunction with the conforming amendment to Rule 45(b), the defendant is still required to file a timely motion for a judgment of acquittal under Rule 29 within the seven-day period specified. The defendant may, under Rule 45, seek an extension of time to file the underlying motion as long as the defendant does so within the seven-day period. But the court itself is not required to act on that motion within any particular time. Further, under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion within the specified time, the court may nonetheless consider that untimely motion if the court determines that the failure to file it on time was the result of excusable neglect.

Rule 29 advisory committee's note to 2005 amendment; *see also United States v. Boesen,* 599 F.3d 874, 879 (8th Cir. 2010) (noting that the Advisory Committee notes to the 2005 amendments specifically state that the excusable neglect rule applies to the time for filing Rule 29 motions).

The time for filing was expanded to 14 days in 2009. Rule 29 advisory committee's note to 2009 amendment. And that brings us to the *current* version of the rules: Rule 29(c)(1) provides that the "defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." And Rule 45(b)(1) provides that:

> When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>
> (A) before the originally prescribed or previously extended time expires; or
>
> (B) after the time expires if the party failed to act because of excusable neglect.

Only Rule 35 is excepted. *See* Rule 45(b)(2).

The defendant's motion here was obviously made more than 14 days after the verdict, which means Rule 45(b)(1)(B) is at issue: The Court must consider whether the untimely filing is the result of excusable neglect.

(b) Excusable Neglect

There are four factors to be considered when determining whether a late filing is due to excusable neglect:

> (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

*Boesen*, 599 F.3d at 879 (cleaned up) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)). Excusable neglect is an "elastic concept" that is not limited to omissions caused by circumstances beyond the control of the movant. *Pioneer Inv. Servs.*, 507 U.S. at 392. And it may encompass situations in which the failure to comply with a filing deadline

- 4 -

is attributable to negligence. *Id*. at 394. "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395.

To begin with, the Court finds little basis to conclude that the government is prejudiced by the late filing, or that the proceedings will be significantly impacted by considering it. If the defendant was correct that the evidence is insufficient as a matter of law to sustain his conviction, then neither the government nor the Court would have a compelling interest in upholding his conviction anyway. And because the defendant's motion is determined based on the trial record, the Court's decision is effectively the same regardless of when the motion is presented.

The most important fact here is that the defendant's current counsel wasn't his trial counsel. *See* filing 143; filing 144. So, when considering whether the delay was in the reasonable control of the movant, the Court notes that the defendant's current counsel appeared only 3 days before the time for filing, and at that point could not reasonably have been expected to know enough about the case to file anything. And at the time, the most important aspect of the case wasn't the offense of conviction—it was the pending retrial on Count I.

Of course, the trial transcript became available in December, and the government decided not to retry Count I in March—leaving plenty of time for counsel to discover the alleged basis for acquittal and file a Rule 29 motion before May 31. But the Court can excuse counsel for focusing his initial attention on preparing to defend against the conspiracy charge, and then turning his attention to sentencing issues once the conspiracy charge was dismissed. It is credible, as counsel suggests, that he discovered the argument he's presenting now as a corollary to his sentencing research. *See* filing 187. And the Court sees no reason to believe that counsel has not acted in good faith

since he was appointed. Accordingly, the Court finds that that the defendant's untimely Rule 29 motion was the result of *excusable* neglect.

## 2. SUFFICIENCY OF THE EVIDENCE

That said, the Court will deny the motion. Rule 29 permits a court to set aside the verdict and enter an acquittal in cases where the jury has returned a guilty verdict if, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Good*, 386 F. Supp. 3d 1073, 1082 (D. Neb. 2019); *see also United States v. Dupont*, 672 F.3d 580, 582 (8th Cir. 2012). But the Court's discretion is limited. *See United States v. Magallon*, 984 F.3d 1263, 1288 (8th Cir. 2021). The Court does not assess the credibility of witnesses or weigh evidence. *Id*. And the Court assumes the jury found witness testimony credible that was favorable to the verdict. *Id*. The Court views the evidence in the light most favorable to the government, resolves conflicts in the government's favor, and accepts all reasonable inferences that support the verdict. *Id*. at 1287-88.

The defendant's argument is premised on the Supreme Court's decision in *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705-06 (2005), in which the Court held that in order to act "knowingly" and "corruptly" in violation of 18 U.S.C. § 1512(b), the accused must be conscious of wrongdoing. *See* filing 181. The defendant contends that the government was required to prove that he sought *false* testimony from Katrina Coffman, and that the evidence on that point is insufficient. *See* filing 181 at 2.

But to begin with, the jury was correctly instructed on that issue (and the defendant doesn't contend otherwise). The jury was instructed that the knowing use of corrupt persuasion was a necessary element of the offense. Filing 134 at 15. And the jury was told that "[t]o 'corruptly persuade' someone

means to persuade with consciousness of wrongdoing. A person acts corruptly if he acts with the purpose of wrongfully impeding the due administration of justice." Filing 134 at 15. The jury found the defendant guilty, so the Court must deny the defendant's motion if there is *any* evidence to support that finding.

There is certainly evidence that the defendant provided favors for Coffman—testimony that he gave her money, bought things for her, and let her use his phone account, for instance. Filing 148 at 55; filing 152 at 13-14; filing 157 at 23. Coffman also testified that the defendant told her that if he beat his case, he would stay in touch with her, they would "stay friends," and he would keep helping her. Filing 157 at 23.

And Coffman said her understanding was that the defendant wanted her to lie for him. Filing 157 at 23-24. Specifically, she said that he wanted her to testify that Roger and Jaesa Vaughn were lying about him—even though she didn't know whether they were lying or not. *See* filing 157 at 23-25. The defendant insists that

> no evidence disproves [his] position he thought Coffman could provide helpful, truthful testimony at trial, to wit: that Jaesa and Roger Vaughn fabricated testimony to cut their sentence, both against Coffman and against [the defendant], who denies criminal involvement with the Vaughns.

Filing 181 at 3. The jury could certainly have found that. But the jury could *also* have found that the Vaughns testified truthfully and that the defendant knew, when he asked Coffman to testify to the contrary, he was asking her to lie. And the jury could also have found that the defendant was asking Coffman to testify that she knew the Vaughns were lying, even though he was aware

- 7 -

that she really didn't know one way or the other. Either theory supports the verdict. Simply put, *Coffman* testified that she thought the defendant was asking her to lie. The jury was entitled to believe her, and equally entitled to believe that her understanding of the situation was correct.

The defendant insists that he only wanted Coffman to testify truthfully. Perhaps that's all he said. But to illustrate with a popular example: In the movie "Caddyshack," at the beginning of the climactic golf match, Rodney Dangerfield's disreputable character approaches the referee for the match, slips him some cash, and urges him to "keep it fair." Sure, one possible inference is that the referee was actually being encouraged to officiate fairly. But it's also possible to infer, despite the *literal* exhortation to "keep it fair," that something other than fairness was hoped for.

Perhaps the defendant only *said* he wanted honest testimony. But Coffman didn't think that's what he really wanted. And the jury was permitted to infer the same. Accordingly,

IT IS ORDERED:

1. The defendant's motion to extend (filing 179) is granted.

2. The defendant's Rule 29 motion (filing 180) is denied.

Dated this 12th day of June, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge